**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GIANN RANGEL,**<br>**Petitioner,**<br>**v.**<br>**WARDEN DESERT VIEW FACILITY, ADELANTO ICE PROCESSING CENTER, et al.,**<br>**Respondents.** | **NO. 5:26-cv-06073-KS**<br><br>**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2241** |

**BACKGROUND**

Before the Court is a Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2241 ("Petition") filed by Petitioner's retained counsel on October 15, 2026. (Dkt. No. 1.[1]) Petitioner is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Desert View Facility located in Adelanto, California, within the Central District of California. (Dkt. No. 1-1.) Petitioner is a Venezuelan national who entered the United States "on or before September 8, 2023," and was subsequently paroled into the United States. (*Id.* ¶ 1.) At some point in 2024, Petitioner filed a Form I-589 application for asylum and withholding of removal. (*Id.* ¶ 2.) "While waiting for his asylum claim to be adjudicated, [Petitioner] worked in catering

[1] The Court's document and page citations refer to the document and page numbers provided by its CM-ECF docketing system; the page numbers appear near the upper right corner of each page.

and paid taxes on his income." (*Id.* ¶ 3.) During his time paroled, Petitioner "worked, paid taxes, and participated as a member of his local community in Texas." (*Id.* ¶ 5.)

In September 2026, "Respondents detained [Petitioner] at a military base, a site at which he had been contracted to work through his job." (*Id.* ¶ 6.) Petitioner asserts that his detention was effected without a warrant, notice, pre-deprivation hearing, or other opportunity to be heard. (*Id.*) As of the date the Petition was filed, Petitioner remained in immigration detention. (*Id.* ¶ 7.)

The Petition raises two claims challenging Petitioner's detention on due process grounds and as violative of the Immigration and Nationality Act. (*Id.* at 8-9.) The Petition seeks Petitioner's immediate release from ICE detention. (*Id.* at 9.)

On October 15, 2026, the parties consented to have this case proceed before a Magistrate Judge for all purposes, including the entry of judgment. (Dkt. Nos. 4, 7; *see also* Dkt. No. 6 at 9.) Also on October 15, 2026, the Clerk's Office issued a Notice of General Order 26-05 and Briefing Schedule ("GO 26-05 Notice"). (Dkt. No. 6.) The GO 26-05 Notice directed "Respondents to show cause why the writ of habeas corpus should not be granted." (*Id.* at 1.) More specifically, the GO 26-05 Notice required Respondents to "file a notice of appearance within 3 calendar days" and "file an answer to the habeas petition no later than 7 days . . . ." (*Id.* at 2.)

As of the date of this Order, Respondents have not entered an appearance or filed any response to the Petition.

On October 23, 2026, Petitioner's counsel filed a Declaration stating that Respondents had not entered an appearance or filed a response by the deadline set by the GO 26-05 Notice, noting that "Respondents' counsel has a policy stating that 'if we haven't filed an NOA and a

response by the deadline to answer the petition, then that is the functional equivalent of our filing a notice of non-opposition,'" and requesting that the Court grant the relief sought in the Petition. (Dkt. No. 8.) Attached to counsel's Declaration is a copy of an email from Assistant United States Attorney Daniel Beck to the Federal Public Defender's Office for the Central District of California, memorializing this policy. (*Id.* at 3.)

Based upon the foregoing, the Court deems this matter submitted for decision.

**DISCUSSION**

28 U.S.C. section 2241 provides, in pertinent part, that a writ of habeas corpus extends to individuals who are in custody "under or by color of the authority of the United States or [are] committed for trial before some court thereof" or "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

Furthermore, 28 U.S.C. section 2243 provides that a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto" and that such an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243.

Additionally, "[i]n our adversarial system of adjudication, we follow the principle of party presentation" such that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral

arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Moreover, "as a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375-76 (citation, internal quotation marks, and brackets omitted). Indeed, "[c]ourts are essentially passive instruments of government" and they "do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties." *Id.* at 376 (citation and brackets omitted).

Here, the GO 26-05 Notice issued on October 15, 2026, directed Respondents to show cause within seven days why the Petition should not be granted by filing an answer to the Petition. (Dkt. No. 6 at 1-2.) Respondents, by failing to enter an appearance or file an answer as directed, *did not* show cause "why the writ of habeas corpus should not be granted." 28 U.S.C. § 2243. Consequently, as it *does not* appear from the face of the Petition that Petitioner "is not entitled" to relief, and the time to show cause has passed with none having been shown, the Court finds that it may now "forthwith award the writ." *Id.*; *Sineneng-Smith*, 590 U.S. at 375-76.

\\
\\
\\
\\
\\
\\
\\
\\
\\

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the unopposed Petition. A writ of habeas corpus shall issue and Respondents are **ORDERED** to **IMMEDIATELY RELEASE Petitioner GIANN RANGEL [A-FILE NO. 246-931-422]** from custody subject to the same conditions that Petitioner was subject to on the order of supervision prior to the time Petitioner was arrested and detained. Respondents shall also return all property confiscated from Petitioner (if any) during Petitioner's arrest and processing. **JUDGMENT SHALL BE ENTERED ACCORDINGLY**.

**IT IS SO ORDERED.**

DATE: October 29, 2026

KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE